IN THE UNITED STATES COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| ALLIED OIL & SUPPLY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No.: 1:03-cv-02673<br><br>**BRIEF IN SUPPORT OF WARREN DISTRIBUTION, INC.'S MOTION TO QUASH THE NOTICE TO THIRD PARTY**<br><br>Judge Edward J. Damich |

**INTRODUCTION**

Plaintiff Allied Oil & Supply, Inc. ("Allied") seeks to bring a dispute exclusively between two private parties before this Court and to bind a non-party, Warren Distribution, Inc. ("Warren"), to issues of law and fact decided in the above-captioned case ("Action"). Such a result violates established precedent of the Court of Claims as well as the Constitutional limits on the power of the United States Court of Federal Claims. The Notice (Filing No. 6) should be quashed.

**STATEMENT OF FACTS**

On or about August 28, 1998, the Defendant, acting through the United States Army Corp of Engineers, contracted with Allied for "the supply and delivery of turbine lubricating oil to Fort Randall Project, Pickstown, South Dakota" under Contract No. DACW45-98-P-0564. ("Contract") *See* Complaint (Filing No. 1) ("Cmplt") ¶ IV, Exh. B ¶ 1. Allied "subcontracted with Warren Distribution, Inc. to supply turbine lubricating oil to the Fort Randall project." *See* Motion for Notice to Third Party ¶ I (Filing No. 2). "On or about October 1, 1998, a dispute

arose between the United States and the Plaintiff regarding the oil supplied by the Plaintiff under the contract." *See* Cmplt ¶ V.

On November 18, 2002, Contracting Officer, Phillip E. Holman, issued a final Contracting Officer's Decision ("Contracting Officer's Decision") finding "Allied supplied new turbine lubricating oil and replacement oil that each failed to meet the emulsion requirements of the Contract" and "Allied[] is responsible" for certain resulting costs incurred by the Government. *See* Cmplt, Exh. B ¶ 46. The Contracting Officer's Decision also rejected Allied's attempt to "avoid liability by blaming Warren and its lower tier vendors," noting "'insofar as [Allied] seeks to isolate itself from responsibility for the failures attributable to the actions of the subcontractor, such attempts are futile.'" *See* Cmplt, Exh. B ¶ 47 (quoting *Appeal of Luster-On Product, Inc.*, 80-2 B.C.A. (CCH) ¶ 14,777, ASBCA No. 23, 367 (October 28, 1980)). The Contracting Officer's Decision further noted:

> The Armed Services Board of Contract Appeals consistently has held that a prime contractor is totally responsible for the actions of its subcontractors and suppliers (citations omitted). Because the Government's contract is with Allied, and not Warren, Lubrizol, or Dow Chemical, it was the party responsible for ensuring that the turbine oil that it supplied to the Government actually met all of the Contract's requirements, and it cannot relieve itself of this responsibility through subcontracting the underlying work (citations omitted). Allied is as liable to the Government for the poor performance of its subcontractors and the damages that resulted as it would be if Allied itself had produced the package and blended oil.

*See* Cmplt, Exh. B ¶ 48 (citing *Appeal of Luster-On Products, Inc.*, 80-2 B.C.A. (CCH) ¶ 14,777, ASBCA No. 23, 367 (October 28, 1980); *Appeal of Browne, Inc.*, 80-2 B.C.A. (CCH) ¶ 14, 471, ASBCA 24, 434 (May 12, 1980); *P.J. Dick Inc. v. General Services Administration*, 94-3 B.C.A. (CCH) ¶ 27,073, GSBCA No. 12, 036 (July 20, 1994)). Allied filed this action for review of the

Contracting Officer's Decision pursuant to the Contract Disputes Act of 1978 as amended (41 U.S.C. §§ 601-613). *See* Cmplt ¶ II.

On November 17, 2003, Allied filed a Motion for Notice to Third Party ("Plaintiff's Motion") to be issued to Warren in the above-captioned case ("Action"). *See* Plaintiff's Motion (Filing No. 2). Plaintiff's Motion was granted and the Court issued an Order (Filing No. 5) and a Notice (Filing No. 6) on December 2, 2003. On December 11, 2003, Warren was served with the Notice. Pursuant to RCFC 14(c), Warren has filed a Motion to Quash The Notice To Third Party ("Notice") and submits this brief in support of its Motion.

## ARGUMENT

### I. THE NOTICE SHOULD BE QUASHED BECAUSE IT IS BASED ENTIRELY ON CLAIMS BETWEEN PRIVATE PARTIES

Pursuant to RCFC 14 (b)(1) "[t]he court . . . on the motion of a party, may notify any person with legal capacity to sue and be sued and who is alleged to have an interest in the subject matter of any pending action. Such notice shall advise of the pendency of the action and of the opportunity to seek intervention and to assert an interest in the action." Similarly, 41 U.S.C. § 114(b), provides in relevant part as follows:

> The United States Court of Federal Claims, on motion of either of the parties, or on its own motion, may summon any and all persons with legal capacity to be sued to appear as a party or parties in any suit or proceeding of any nature whatsoever pending in said court to assert and defend their interests, if any, in such suits or proceedings, within such period of time prior to judgment as the United States Court of Federal Claims shall prescribe. . . . Upon failure so to appear, any and all claims or interests in claims of any such person against the United States, in respect of the subject matter of such suit or proceeding, shall forever be barred . . .

It is well established that a third-party notice should be quashed where "**the allegations of the third parties' interests are based entirely on various claims by plaintiff against**

**these private parties**." *RSH Constructors, Inc. v. The United States,* 20 Cl. Ct. 1, 4 (1990) (emphasis added). Rule 14 "allow[s] a third party to participate in litigation before this court" but "does not grant [the court] jurisdiction to render a judgment for the plaintiff against such a party." *Id*. at 4.

The case of *RHS Constructors* is instructive. The plaintiff in *RHS Constructors* contracted with the United States to construct a shopping center. *See* 20 Cl. Ct. at 2. Problems with the roof of the shopping center developed and subsequently the Contracting Officer issued a "final" decision which found the roof work defective. *Id*. at 2. The plaintiff filed suit against the United States and filed a motion for notice to third parties to appear, namely the various roofing subcontractors, manufacturers and suppliers. *Id*. These third parties filed motions to quash the third-party notices. *Id*.

The Court of Claims granted the motions to quash, explaining Rule 14 "is limited to situations in which the third-party defendants have an interest in a plaintiff's claim against the Government, which interest the third-party defendants might assert against the United States or as a defense to the plaintiff's claim, or in connection with which the United States might assert a claim against the third party." *Id*. at 4. The Court of Claims held Rule 14 **"does not embrace actions by plaintiff against third parties . . . ."** *Id.* (emphasis added). The Court of Claims found "the allegations of the third parties' interests are based entirely on various claims by plaintiff against these private parties . . . **this court holds that it can not issue notice to these third parties**" and held "the motions to quash are granted." *Id*. at 4-5 (emphasis added).[1]

[1] The Court of Claims has interpreted the "interest" requirement more broadly where the United States files a motion for notice against a third party. *See Myrtle Beach Pipeline Co. v. United States*, 6 Cl. Ct. 363, 365-66, 367 n. 3 (1984); s*ee also Phil. Suburban Corp. v. United States*, 211 Ct. Cl. 354, 356 (1976) ("A person against whom the United States alleges a non-frivolous claim for indemnity is a party who '*appears*' to have such an

Warren's alleged interest in the Action is virtually identical to that of the third parties involved in *RHS Constructors.* Warren's alleged interest is based entirely on a claim against it by Allied, a private party, not by the Government. The Government has asserted no claim against Warren. As the Contracting Officer noted, Warren's actions cannot be used as a defense to the Government's claim against Allied. *See Appeal of Luster-On Products, Inc.* 80-2 B.C.A. (CCH) ¶ 14,777, ASBCA No. 23,367 (October 28, 1980) (stating "[general contractor] must accept responsibility for any failures in performance thereunder whether these result from the actions of its own employees or those of a subcontractor whom it has utilized in the performance of the work."); *Appeal of Lombard Corp*., 75-1 B.C.A. (CCH) ¶ 11,209, ASBCA No. 18,206, ASBCA No. 18,207 (April 7, 1975) (finding that in undertaking performance under a contract, the general contractor assures the competence of its subcontractors.); *Appeal of Basic Engineering and Construction Co., Inc*., 68-1 B.C.A. (CCH) ¶ 6915, ASBCA No. 12,977 (March 4, 1968) (finding "prime contractor is responsible for assuring that all work required by the entire contract is furnished, and cannot be relieved of this responsibility by subcontractors part of the work."); *Simpson v. Digiallonardo,* 488 P.2d 208, 210 (Colo. App. 1971) (noting principle "that where a general contractor agrees with the owner of property to perform a specific task, he may not, by hiring an independent contractor to perform that task, escape liability for the breach of contract for damages sustained by the owner which result from the negligence of the independent contractor.") This Court further has no jurisdiction to render a judgment for Allied against Warren.

---

interest," regardless of the court's jurisdiction to adjudicate such a claim.). These cases are inapposite where, as here, it is a private party (Allied) who asserts the interest.

The Notice is based entirely on claims between private parties, not within the scope of Rule 14. The Motion to Quash should be granted.

## II. THE NOTICE SHOULD BE QUASHED BECAUSE IT EXCEEDS THE CONSTITUTIONAL LIMITS ON THE POWER OF THE UNITED STATES COURT OF FEDERAL CLAIMS

The Notice issued to Warren specifically states, "If you fail to appear and assert a claim or interest in the subject matter of the suit, your claim or interest therein will forever be barred." This language has been interpreted by this Court to mean that "'[t]hird parties who choose not to appear will be precluded from retrying issues of law and fact already resolved in the third parties absence.'" *RHS Constructors*, 20 Cl. Ct. at 4 (citations omitted). Thus, the Notice purports to bind Warren to determinations of law and fact in the above-captioned matter, and Warren objects to this purported binding effect of the Notice issued to Warren as unconstitutional.

The U.S. Supreme Court held in *Martin v. Wilks*, 490 U.S. 755, 109 S. Ct. 2180, 104 L. Ed. 2d 835 (1989) that "'[i]t is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process.'" *Id.* at 761, 109 S. Ct. at 2184 (citations omitted); *accord Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 846, 119 S. Ct. 2295, 144 L. Ed. 2d 715 (1999) (identifying this principle as a principle of due process); *Richards v. Jefferson County*, 517 U.S. 793, 798-99, 116 S. Ct. 1761, 135 L. Ed. 2d 76 (1996). As pointed out by the U.S. Supreme Court, "[t]his rule is part of our 'deep-rooted historic tradition that everyone should have his own day in court.'" *Martin v. Wilks*, 490 U.S. at 762, 109 S. Ct. at 2184. (citation omitted) Moreover, "'[t]he law does not impose upon any person absolutely entitled to a hearing the burden of voluntary intervention in a suit to which he is a stranger . . . . Unless duly summoned to appear in a legal proceeding, a person not a privy

may rest assured that a judgment recovered therein will not affect his legal rights. *Id.* at 763, 109 S. Ct. at 2185 (citing to *Chase National Bank v. Norwalk*, 291 U.S. 431, 441, 54 S.Ct. 475, 479 (1934)). In other words, "a party seeking a judgment binding on another cannot obligate that person to intervene; he must be joined." *Id.* at 763, 109 S.Ct. at 2185.

In light of the foregoing, the Due Process Clause of the United States Constitution requires that "[j]oinder as a party, rather than knowledge of a lawsuit and an opportunity to intervene, is the method by which potential parties are subjected to the jurisdiction of the court and bound by a judgment or decree." *Id.* at 765, 109 S.Ct. at 2186. Following *Martin*, several Court of Claims decisions have held the purported binding effect of a notice under Rule 14 violates the Supreme Court's holding in *Martin* and is therefore invalid. *See Oak Forest, Inc. v. U.S.*, 26 Cl. Ct. 1397, 1403 (1992) (holding that RCFC 14 "do[es] not fall, either directly or by analogy, into one of the few exceptions listed in *Martin* to this general rule"); *RHS Constructors*, 20 Cl. Ct. at 7 ("[b]inding contentions of fact and law over a non-party that occur under [RCFC 14], '[conclude] the rights' of a non-party. This is in violation of *Martin*." (quoting *Martin*, 490 U.S. at 762, 109 S. Ct. at 2184)); *see also Rice v. United States*, 39 Fed. Cl. 747, 749 (1997); *Orion Scientific Sys. v. United States*, 28 Fed. Cl. 669, 671 n. 3 (1993). Where a noticee is not made a party, notice should be quashed. See *Oak Forest*, 26 Cl. Ct. at 1401-1405 ("[I]t is clear to this court that so long as [third-party noticees] are not parties, they cannot be bound for purposes of a subsequent government-initiated indemnification action by determinations of fact and law made here unless they voluntarily appear as parties (which they

will not). Martin does not permit such an effect . . .The motions to quash notice to [third-party noticees] are therefore granted").[2]

Clearly Allied cannot join Warren as a party to the above-captioned matter, because this Court has no jurisdiction to embrace actions between private parties. *See RHS Constructors*, 20 Cl. Ct. at 4 (Recognizing that the United States Court of Federal Claims does not have jurisdiction to "*embrace actions by* [a private] *plaintiff against third parties* . . . ." (emphasis in original) (citations omitted) Additionally, the Notice, which purports to bind Warren to issues of law and fact determined in the above-captioned matter, even if Warren chooses not to intervene, violates the Due Process Clause of the United States Constitution.

In addition to being violative of the Due Process Clause, the Notice purports to expand the jurisdiction of this Court beyond the jurisdictional limits prescribed by Congress. As indicated above, this Court has no jurisdiction to embrace actions between private parties, and "[t]he Claims Court cannot, through its rule-making power [or otherwise], expand its jurisdiction beyond the limits prescribed by Congress." *Id.* at 7. The Notice issued to Warren in this matter, as argued earlier, is based entirely on a claim against it by Allied. Therefore, even if we do not account for the Due Process violation inflicted by the Notice, the Notice purports to allow this Court to address issues that are beyond the scope of this Court's jurisdiction as prescribed by Congress.

The Notice purports to bind Warren to contentions of law or fact in a case to which it is not a party, and it purports to allow this Court to address issues that are beyond the scope of this

[2] *Martin* also recognized that "where a special remedial scheme exists expressly foreclosing successive litigation by nonlitigants . . . legal proceedings may terminate preexisting rights if the scheme is otherwise consistent with due process." *Id.* at 762 n. 2, 109 S. Ct. at 2185 n. 2. The Court in *Bird v. United States*, 51 Fed. Cl. 536, 542 (2002) held the Rule 14 procedure fell within the "special remedial scheme" exception to *Martin* to the extent the noticee was a third-party indemnitor to the Government under an "indemnification agreement." *See Bird*, supra at 548. This exception has no application to the Notice.

Court's jurisdiction as prescribed by Congress. The Notice exceeds the Constitutional limits on the power of the United States Court of Federal Claims and is therefore invalid. The Motion to Quash should be granted.

**CONCLUSION**

WHEREFORE Warren respectfully requests the Court to grant its Motion to Quash Plaintiff's Notice to Third Party.

Dated this 22nd day of January, 2004.

WARREN DISTRIBUTION, INC., Third-party Noticee

By: /s/ Alan Strasser

Alan Strasser
KUTAK ROCK LLP
Suite 1000
1101 Connecticut Avenue, NW
Washington, DC 20036-4374
Telephone: 202-828-2400
Facsimile: 202-828-2488
E-mail: alan.strasser@kutakrock.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Matthew Patrick Reed
U. S. Department of Justice
Commercial Litigation Branch
Civil Division
Classification Unit
1100 L Street, NW
8th Floor
Washington, DC 20530

Brian D. Nolan, Esq.
Nolan, Olson, Hansen, Fieber &
Lautenbaugh, LLP
The Exchange Building
1905 Harney Street, Suite 800
Omaha, NE 68102

By /s/ Alan Strasser
Alan Strasser

In addition to service via the CM/ECF system, this certifies the undersigned attorney has caused service of the foregoing to be made by mailing by ordinary first-class mail, postage prepaid, to the last known address of the following attorneys representing parties to this action, on this 22nd day of January, 2004:

Brian D. Nolan, Esq.
Susan L. Stryker, Esq.
Nolan, Olson, Hansen, Fieber &
Lautenbaugh, LLP
The Exchange Building
1905 Harney Street, Suite 800
Omaha, NE 68102

By /s/ Alan Strasser
Alan Strasser