**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ALLIED OIL & SUPPLY, INC., | ) | No. 03-cv-02673 |
| Plaintiff, | ) | |
| v. | ) | **BRIEF IN SUPPORT OF ALLIED OIL & SUPPLY, INC.'S OPPOSITION TO WARREN DISTRIBUTION, INC.'s MOTION TO QUASH THE NOTICE TO THIRD PARTY** |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | Judge Edward J. Damich |

## INTRODUCTION

On or about August 28, 1998, the Defendant, acting through the United States Army Corp of Engineers, contracted with Allied Oil & Supply, Inc. (hereinafter "Allied") for the supply and delivery of turbine lubricating oil to Fort Randall Project, Pickstown, South Dakota under Contract No. DACW45-98-P-0564 (hereinafter "Contract"). *See* Complaint ¶ IV, and Exh. B. ¶ 1 (Filing No.1). Allied subcontracted with Warren Distribution, Inc. (hereinafter "Warren") to supply turbine lubricating oil to the Fort Randall project. *See* Motion for Notice to Third Party ¶ I (Filing No.2). On or about October 1, 1998, a dispute arose between the United States and Allied regarding the oil supplied under the contract. *See* Complaint ¶ V.

On November 18, 2002, Contracting Officer, Phillip E. Holman, issued a final Contracting Officer's Decision in favor of the United States and against Allied in this matter. *See* Complaint, Exhibit B. On or about November 17, 2003, Allied filed this action for review of the Contracting Officer's decision pursuant to the Contract Disputes Act of 1978 as amended (41 U.S.C. §§ 601-613). *See* Complaint ¶ II.

On November 17, 2003, Allied filed a Motion for Notice to Third Party to be issued to Warren in the above captioned case. Plaintiff's Motion was granted and the Court issued an

PDF created with FinePrint pdfFactory trial version http://www.pdffactory.com

Order (Filing No. 5) and a Notice (Filing No.6) on December 2, 2003. On December 11, 2003, Warren was served with the Notice. *See* Brief in Support of Warren Distribution, Inc.'s Motion to Quash the Notice to Third Party (pg 3). This matter is now before the Court on a Motion to Quash the Notice to Third Party filed by Warren. (Filing No. 12). Allied now responds in opposition to Warren's Motion.

## ARGUMENT

### I. IN THE INTEREST OF FULL, COMPLETE, FAIR AND JUST ADJUCATION OF THE PROCEEDINGS BEFORE THIS COURT, THE MOTION TO QUASH MUST BE DENIED.

"The ultimate objective of the United States Claims Court, in general, . . . is to ensure that all the parties required for a full, complete, fair, and just adjudication of the issues are present to assert or defend any interest in the subject matter of the litigation. This goal may be substantially achieved through RCFC 14." Del-Rio Drilling Programs, Inc. v. United States, 17 Cl. Ct. 844, 848 (1989).

RCFC 14(b)(1) states:

> The court, on its own motion or on the motion of a party, may notify any person with legal capacity to sue and be sued and who is alleged to have an interest in the subject matter of any pending action to appear as a party and assert an interest, if any therein.

Third-party practice under RCFC 14 is based on 41 U.S.C. §114(b) which states in relevant part:

> The United States Court of Federal Claims, on motion of either parties, or on its own motion, may summon any and all persons with legal capacity to be sued to appear as a party or parties in any suit or proceeding of any nature whatsoever pending in said court to assert and defend their interests, if any, in such suits or



PDF created with FinePrint pdfFactory trial version http://www.pdffactory.com

> proceedings, within such period of time prior to judgment as the United States Court of Federal Claims shall prescribe.

Clearly, under RCFC 14(b)(1) and 41 U.S.C. § 114(b), the Federal Claims Court may issue a notice to a third party to appear and assert an interest. The purpose behind the rule and statute is to prevent multiple proceedings and determinations on an identical set of facts. *See* Del-Rio, 17 Cl. Ct. at 848. It is also in furtherance of the laudable goal to conserve judicial time and effort which determines whether notice shall issue where third party interests are apparent." Id. at 848 ***citing*** Phil. Suburban Corp. v. United States, 211 Cl. Ct. 354, 355 (1976).

"The standard for determining whether notice should be issued is whether the third party to whom notice is directed 'appears' to have an interest in the subject matter of the proceedings. Phil. Suburban Corp. 211 Cl. Ct. at 355. Even if the alleged third party interest is uncertain, an apparent interest is legally sufficient to support an issuance of notice. Consequently, where the appearance of such an interest is present, any motion by a party litigant to quash such a notice must be denied." Del-Rio 17 Cl. Ct. at 849.

The "apparent interest" of Warren in the subject matter of this proceeding is clear from the pleadings filed to date. Allied hired Warren to produce the final product of turbine lubricating oil to the Government, by blending an additive package into the base turbine lubricating oil. *See* Complaint Exhibit B ¶ 3; Motion Notice to Third Party ¶ I. Warren provided the silicone based antifoaming additive and blended the oil. See Complaint Exhibit B ¶ 47. The United States contends that the final product of turbine lubricating oil was non-conforming to the emulsion requirements of the contract; caused a gel to form within the Turbine Units, which had to be disassembled and cleaned; and resulted in a claim for $658,406.95 all as set forth in the Contracting Officer's decision. *See* Complaint Exhibit B, ¶¶ 46, 53. Allied



PDF created with FinePrint pdfFactory trial version http://www.pdffactory.com

contends that various findings of the Contracting Officer's decisions are erroneous and unsubstantiated by evidence. Allied disputes that the oil supplied under the contract was nonconforming, that the alleged nonconforming oil was the cause of the damage to the United States, and the amount of the damages.

If the court finds that the oil supplied under the contract is nonconforming and the oil caused the damages suffered by the United States, then Allied will seek recovery against Warren for indemnity. Warren, facing a potential indemnity action has, at the very least an interest as to whether the oil is determined to be nonconforming, whether the oil caused the damage allegedly sustained and the amount of the alleged damages. A potential pecuniary interest is sufficient to satisfy the interest requirement of RCFC 14. *See* Bird v. United States, 51 Fed. Cl. 536, 542 (2002). Warren should be given the opportunity to participate to whatever extent it wishes. It may assist Allied in the defense of this case or assert such legal contentions as it deems appropriate in the protection of its interests. Warren as subcontractor has documents including, but not limited to, test results, formulation information, knowledge of the formulation process, knowledge gained from inspection of the turbines, cleaning of the turbines and information on other factors that may have caused the gelatinous precipitate. Warren's participation is necessary to a full and fair presentation of the facts of this case.

In addition, an indemnity action by Allied against Warren would involve the very same facts presently before this court. Thus, this case falls squarely within the court's rationale for promoting judicial economy and avoiding numerous proceedings and judicial determinations upon identical sets of facts. *See* Bird v. United States, 51 Fed. Cl. 536 (2002). Attorney fees, court costs, and wasted time can be avoided if Warren participates in this proceeding. If Warren does not participate in the litigation, Allied intends to file a Motion under RCFC 19 seeking to



PDF created with FinePrint pdfFactory trial version http://www.pdffactory.com

join Warren as a necessary and indispensable party to this action. Additional attorney fees, court costs and time will be absorbed if Allied is forced to file this motion.

In Arguments I and II of its Brief, Warren appears to argue that the court does not have jurisdiction to render a judgment for Allied against Warren and therefore the motion should be quashed. "A determination that a party should receive a notice is not equivalent to a decision – that this court has subject matter jurisdiction, that the noticed party is a party in interest, or that this court could render a judgment against that party. Del-Rio, 17 Cl. Ct. at 849 *citing* Uram v. United States, 216 Ct. Cl. 418, 420 (1978). "The only requirement for notice is that the party to be noticed ***appears*** to have an interest in the proceedings." Bird *Supra*, at 541 (citations omitted).

In Argument I of its Brief, Warren also directs the court's attention to RSH Constructors, Inc. v. United States, 20 Cl. Ct. 1 (1990). As acknowledged by the court in RSH Constructors, movant's objection to the Notice to Third Parties was based on the binding effect of the determinations of law and fact (addressed in Argument II below). Therefore this case is not controlling as to the issues presented in Argument I of Warren's Brief.

In sum, RCFC 14 and 41 U.S.C. § 114 (b) allow any party, including the plaintiff, to make a motion to notify or summons a third party. Warren's Motion to Quash should be denied.

**II. NOTICE IS PROPER IRRESPECTIVE OF WHETHER IT WILL LATER BIND WARREN.**

Warren argues that it cannot be bound by any decision made by the Federal Claims Court because it violates Due Process. Warren specifically cites to Martin v. Wilks, 490 U.S. 755 (1989) and Federal Claims Court rulings to support its argument. However, the Court in Bird, *Supra* stated:



PDF created with FinePrint pdfFactory trial version http://www.pdffactory.com

> "The long line of Court of Claims decisions expounding the purposes served by section 114(b) and RCFC 14(a)(1), as well as the limits of that scheme, overwhelmingly reflect the Court of Claims' conclusion that the statute and rule comprise a special remedial scheme within the meaning of Martin—a scheme that expressly forecloses successive litigation by nonparties, but in which the rights of noticees have been balanced carefully against the interests of the United States. The notice receives actual notice and the opportunity to join the litigation, that is 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections. The notice properly informs the recipient of the preclusive effects of failure to intervene with respect to claims against the Government. Acutely aware of the contours of due process and the law of judgments, the Court of Claims consistently ratified this special remedial scheme."

Bird, 51 Fed. Cl. At 549 (citations omitted).

Furthermore, the court in Bird states "because the court's third-party practice rules are designed for the benefit of noticees, as well as the Government, notice is proper irrespective of whether it will later serve to bind the noticee." *Id.* at 542. Thus, the cases cited by Warren, including RSH Constructors, Inc. are irrelevant to the propriety of the issuance of the Notice.

In sum, the issue for determining whether or not notice is proper is not linked to the debate as to whether a party will subsequently be bound by the determinations. All that is required is that the noticee appears to have an interest in the proceedings.

## CONCLUSION

Notice to Warren Distribution, a third party with an apparent interest in the pending action, is essential to the full, complete, fair and just adjudication of the issues before the court. The issuance of the notice does not require a determination on jurisdiction and does not seek a determination on a matter between private parties. Therefore, Warren's Motion to Quash should be denied.

DATED this **5th** day of **February 5, 2004**.



PDF created with FinePrint pdfFactory trial version http://www.pdffactory.com

ALLIED OIL & SUPPLY, INC., Plaintiff

BY: /s/ Susan L. Stryker
For: NOLAN, OLSON, HANSEN, & LAUTENBAUGH, LLP
The Exchange Building
1905 Harney Street, Suite 800
Omaha, Nebraska 68102
(402) 342-6233
(402) 342-9362
Brian D. Nolan
Susan L. Stryker

**CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Alan Strasser
KUTAK ROCK LLP
Suite 1000
1101 Connecticut Avenue, NE
Washington, DC 20036-4374

Matthew Patrick Reed
U.S. Department of Justice
Commercial Litigation Branch
Civil Division
Classification Unit
1100 L Street, NW
8th Floor
Washington, DC 20530

/s/ Susan L. Stryker



PDF created with FinePrint pdfFactory trial version http://www.pdffactory.com