IN THE UNITED STATES COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| ALLIED OIL & SUPPLY, INC.,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No.: 1:03-cv-02673<br>**REPLY TO ALLIED OIL & SUPPLY, INC.'S OPPOSITION TO WARREN DISTRIBUTION, INC.'S MOTION TO QUASH THE NOTICE TO THIRD PARTY**<br>Judge Edward J. Damich |

**INTRODUCTION**

This Brief is Warren Distribution, Inc.'s ("Warren") Reply to Plaintiff Allied Oil & Supply, Inc.'s ("Allied") Opposition to Warren's Motion to Quash the Notice to Third Party. Warren respectfully states, Allied has misconstrued the precedent of the Court of Claims, which holds Warren does not have an interest in the above-captioned matter ("Action") as contemplated by RCFC 14 or 41 U.S.C. § 114(b). Additionally Warren respectfully states, Allied has failed to recognize that the Notice (Filing No. 6), which purports to bind Warren, a non-party, to issues of law and fact decided in the Action, exceeds the Constitutional limits on the power of the United States Court of Federal Claims.

## ARGUMENT

### I. ALL POTENTIAL CLAIMS BETWEEN WARREN AND ALLIED ARE AS PRIVATE PARTIES NECESSITATING THAT THE NOTICE BE QUASHED.

A. Warren Does Not Have an Apparent Interest in the Litigation.

The Notice should be quashed because Warren does not have an interest in the litigation between Allied and the United States as contemplated by RCFC 14 and 41 U.S.C. § 114(b). As discussed in Warren's opening brief supporting its Motion to Quash the Notice to Third Party, such relief should be granted when "allegations of the third parties' interests are based entirely on various claims by [a private] plaintiff against . . . private parties." *RSH Constructors, Inc. v. The United States*, 20 Cl. Ct. 1, 4 (1990).

Allied, in Argument I of its Brief in Support of its Opposition to Warren's Motion to Quash the Notice to Third Party ("Allied's Brief"), argues that Notice is proper because Warren has an "apparent" interest in the litigation and refers to *Bird v. United States*, 51 Fed. Cl. 536 (2002), *Del-Rio Drilling Programs, Inc. v. United States*, 17 Cl. Ct. 844 (1989) and *Phil. Suburban Corp. v. United States*, 211 Cl. Ct. 354 (1976) in support of its argument. However, each case offered by Plaintiff discussing the **interest** of the third party is distinguishable from the matter before this Court.

In *Bird*, the United States contracted with plaintiffs to grant an easement allowing the Government to extract gravel. 51 Fed. Cl. at 537. In establishing the contract price for the easement, the Government relied on an appraisal conducted by a third party. *Id*. at 537–538. Subsequently the Government noticed in the third party appraiser, whom it had a potential claim against, contending the third party overstated the value of the property as a result of negligence or malpractice. *Id*. at 538. In *Del-Rio*, the interested parties who joined the

litigation sought compensation from the **Government** for access to certain leased premises. 17 Cl. Ct. at 847. (emphasis added). Finally, *Philadelphia*, concerns a situation where the noticed third party was potentially liable to the **Government** for indemnification. 211 Cl. Ct. at, 355. (emphasis added). Each case discussed by Allied represents a situation where the interest of the third party involved: (1) a potential claim against the Government; (2) defending a claim by the Government; or (3) having the possible obligation to indemnify the Government. Thus, the third parties in *Bird*, *Del-Rio* and *Philadelphia* had an interest in the claim between the private party and the Government, which was an "interest the third party defendants might assert against the United States or as a defense to the plaintiff's claim, or in connection with which the United States might assert a claim against the third party." *RSH Constructors*, 20 Cl. Ct. at 4. Neither *Bird*, *Del-Rio* or *Philadelphia* involve a scenario where the only interest concerns a private plaintiff having a potential claim against a private third party for indemnification, which scenario was specifically addressed in *RSH Constructors*.

Respectfully, Allied's contention that the holding of *RSH Constructors* is limited solely to the issue concerning the binding effect of the determinations of law and fact is misguided. (Allied's Brief at 5). *RSH Constructors* concerned a **private plaintiff** who in a suit against the government caused a Rule 14 Notice to be issued to third parties, namely subcontractors, manufacturers and suppliers involved with the project out of which the claim between the Government and private plaintiff arose. 20 Cl. Ct. at 3. The Court of Claims quashed the notice stating that notice was "based entirely on various claims by [a private] plaintiff against these private [third] parties." *RSH Constructors*, 20 Cl. Ct. at 4. Such an interest, as held by the Court in *RSH Constructors*, is not "an interest in a [private] plaintiff's claim against the Government," as defined above, and therefore is not the type of interest contemplated by R. 14. *Id*.

The situation before this Court is most similar to *RSH Constructors* due to the fact that Warren's alleged interest is based entirely on an alleged potential claim against it by Allied, a private party, not by the Government. Such an interest is not embraced by the notice provision of R. 14, as it does not involve a potential claim against the Government, a potential claim by the Government, potential indemnification to the Government nor does the alleged interest involve a defense to a private plaintiff's claim against the Government. *See Orion Scientific Sys. v. United States*, 28 Fed. Cl. 669, 671 n. 3 (1993) ("Under § 114(b), Claims Court has jurisdiction to adjudicate government's claims against third parties: (1) where the government's claim is for the recovery of money . . . already paid out . . ., or (2) where the third party appears and asserts a claim or an interest in a claim against the United States") (citations omitted). As discussed in Warren's opening brief, the Government has asserted no claim against Warren and Warren's actions cannot be used as a defense to the Government's claim against Allied set forth in the Contracting Officer's Decision. See *Appeal of Luster-On Products, Inc*. 80-2 B.C.A. (CCH) ¶ 14,777, ASBCA No. 23,367 (October 28, 1980) (finding a general contractor must accept responsibility for the performance of a contract regardless of whether the act in question was performed by the general contractor's subcontractor). Moreover, Warren has no potential claim against the Government, and the alleged interest of Warren does not involve a defense to Allied's Claim in this Action.

Allied has attempted to allege an interest on the part of Warren beyond the alleged potential indemnification action that Allied may bring against Warren, by asserting that Warren has information useful to the case. (Allied's Brief at 4). However, whether or not Warren has information useful to the case is not material to the analysis of whether Warren has the type of interest warranting the issuance of a R. 14 Notice. As discussed above, such interest does not

exist in this matter. Moreover, Allied, the party contracting with the Government, should have most of the information it claims Warren possesses. To the extent there is information that Allied feels it must secure from Warren, Allied can avail itself of the discovery rules related to obtaining discovery from non-parties.

Because Warren has no interest in the claim between the Government and Allied as contemplated by R.14, the Notice (Filing No. 6) should be quashed.

B. <u>Court of Claims is Prohibited from Settling Disputes Between Private Parties</u>.

Plaintiff appears to be asking the Court of Claims to settle a dispute that is beyond the Court's jurisdiction. Plaintiff states in its brief, "… an indemnity action by Allied against Warren would involve the very same facts presently before this court. Thus, this case falls squarely within the court's rationale for promoting judicial economy and avoiding numerous proceedings and judicial determinations upon identical sets of facts." (Allied's Brief at 4). However, this Court cannot settle issues between private parties. "The Court of Claims is a legislative, not a constitutional court. Its judicial power is derived not from the Judiciary Article of the Constitution, article 3, but from the Congressional power 'to pay the debts * * * of the United States…" *United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. (1941). "[T]he Court of Federal Claims is a creature of statute, and its power is limited to what Congress has expressly given it." *Martin v. Secretary of Health and Human Services*, 62 F.3d 1403, 1406 (Fed. Cir. 1995). Because this Court is without jurisdiction to entertain matters between Allied and Warren, the Notice should be quashed. *See Rolls-Royce Limited v. United States*, 364 F.2d 415, 418 (Ct. Cl. 1966) (stating "[Court of Claims] does not embrace actions by [a private] plaintiff against third parties, or by third parties against [a private] plaintiff on causes of action

not cognizable by this court."); *F.B. Berkley v. United States*, 276 F.2d 9, 12-13 (1960) (finding that a controversy between private parties is beyond the jurisdiction of the court of claims.)

C. Warren is Not a Necessary and Indispensable Party to the Action.

While Allied states in its Brief that if the Notice is quashed it will subsequently join Warren pursuant to RCFC 19, such action would be inappropriate as Warren is not a necessary and indispensable party to the Action. (Allied's Brief at 4-5). The determination of whether a party is necessary and indispensable, under RCFC 19 requires a two-step analysis. *J.G.B. Enterprises, Inc. v. U.S.*, 57 Fed. Cl. 414, 416 (Fed. Cl. 2003). "[T]he court must determine if that party is necessary and if the party cannot be joined in the action then the court must determine whether in equity or good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." *Id*. (referring to RCFC 19(a) and (b)). A person is necessary to an action if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reasons of the claimed interest.

*Id*. (quoting RCFC 19(a)).

The case of *J.G.B. Enterprises* is instructive. In *J.G.B. Enterprises*, a subcontractor filed a complaint against the Government seeking payment for work. Government claimed that the action should not proceed because (1) it already paid the general contractor and (2) the general contractor was a necessary and indispensable party. 57 Fed. Cl. at 416. However, the general contractor could not be joined due to being in bankruptcy. *Id*. at 417. The court determined that the claim could be heard despite the general contractor's absence because "the ultimate objective

of [the] court … [is] to ensure that all parties required for a full, complete, fair, and just adjudication of the issues are present to assert or defend any interest in the subject matter of this litigation." *Id*. at 416-17, quoting *Del Rio*, Cl. Ct. at 848. The court found that while judgment against the Government would obligate it to pay the subcontractor even after having paid the general contractor for the work performed:

> complete relief refers only 'to relief as between the persons already parties, and not as between a party and the absent person whose joinder is sought.' While defendant may have a cognizable action against [the absent party], its joinder is not necessary because this Court can accord complete relief as between plaintiff and defendant. Any claim defendant has against [the absent party] is separate and distinct from plaintiff's claim against defendant . . .

57 Fed. Cl. at 417 (citations omitted). *See also Brown v. United States*, 42 Fed. Cl. 538, 565 (Fed. Cl. 1998) (finding a party is not necessary under Rule 19 where complete relief can be accorded among the existing parties, a party's ability to defend itself is not impaired by another party's absence and where the absent party has no substantial interest in the present litigation.)

If a general contractor who has already been paid for services is not considered an indispensable party in a claim between the Government and a general contractor's subcontractor, clearly, Warren as an alleged potential indemnitor of Allied could not be considered an indispensable party to the Action. As in *J.G.B. Enterprises*, complete relief can be determined between Allied and the Government, and if Allied is found liable, Allied then may pursue a separate claim against Warren. Thus, Warren's absence in the litigation in no way affects the ability for either the Government or Allied to recover complete relief, and Warren's absence does not subject Allied to any risk of incurring inconsistent obligatiaons.

Additionally, Allied's concern that "Warren as subcontractor has documents including but not limited to, test results, formulation information, knowledge of the formulation process,

knowledge gained from inspection of the turbines, cleaning of the turbines and information on other factors," (Allied's Brief, Page 4), is not only irrelevant to the issue of whether the Notice is proper, as argued above, but it is irrelevant as whether joinder is proper. Not only does Allied already have in its possession much of the same information as Warren, but:

> [t]he question of whether or not an entity or individual should be a party to an action is something quite different from the questions and problems associated with obtaining evidence from such an entity or individual. Rule 19 does not list the need to obtain evidence from an entity or individual as a factor bearing upon whether or not a party is necessary or indispensable to a just adjudication.

*Brown*, 42 Fed.Cl. at 564. (citations omitted). Moreover, as stated above, Allied can avail itself of the discovery rules related to obtaining discovery from non-parties. Thus, Warren's absence as a practical matter does not impair or impede Allied's ability to protect its interest in this matter.

Since Warren cannot be joined as a necessary and indispensable party and because the parties to the Action have means other than issuing a notice to secure evidence in the hands of Warren, the Notice should be quashed.

## II. THE NOTICE SHOULD BE QUASHED BECAUSE IT EXCEEDS THE CONSTITUTIONAL LIMITS ON THE POWER OF THE UNITED STATES COURT OF FEDERAL CLAIMS

As Warren discussed in its opening brief, the Notice should be quashed because it seeks to bind Warren to determinations of law and fact. The Notice issued at the request of Allied is unconstitutional because it violates the Due Process Clause of the Constitution and it expands the jurisdiction of this Court beyond the jurisdictional limits prescribed by Congress. Consequently, the Notice should be quashed as Warren is (1) not a party to the action and (2) does not have an interest in the claim between the Government and Allied.

As argued in Warren's opening brief, the Notice, as written, purports to bind Warren, a non-party, to determinations of law and fact in the Action, and therefore, is unconstitutional because one cannot be "bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Martin v. Wilks*, 490 U.S. 755, 761, 109 S. Ct. 2180, 2184 (1989) (citations omitted). Plaintiff refers to a section of *Bird* which discusses the constitutionality of the Notice where the Court of Claims found "that [section 114(b) and RCFC14(a)(1)] comprise a special remedial scheme within the meaning of *Martin* - a scheme that expressly forecloses successive litigation by nonparties, but in which the rights of noticees have been balanced carefully against the interests of the United States." *Bird*, 51 Fed. Cl. at 549 (citations omitted); (Allied's Brief at 6). However, the holding in *Bird* goes against the great weight of other decisions made by the Court of Claims following *Martin*. *See RSH Constructors*, 20 Cl. Ct. at 7 (finding that RCFC 14 does not embrace "one of the few exceptions listed in *Martin*."); *Oak Forest, Inc. v. United States*, 26 Cl. Ct. 1397 1401-1405 (1992) (concluding *Martin* prohibits third party noticees who never became parties to the dispute to be bound in a later action.); *Orion Scientific Sys*., 28 Fed. Cl. at 671 n. 3 (stating that RCFC 14 does not "bind a third party who receives notice and does not appear."); *Rice v. United States*, 39 Fed. Cl. 747, 749 n. 2 (1997) referring to *Penda Corp. v. United States*, 44 F.3d 967, 972-73 (Fed.Cir.1994) ("the Federal Circuit has held that issue preclusion may not be applied against a Rule 14 noticee.")

Even if this Court finds that *Bird* allows for a 'special remedial scheme' pursuant to RCFC 14, the exception would not apply in this case. As discussed earlier, *Bird* involved a scenario where the Government caused issuance of a notice to a third party with whom it had a potential claim; not where a private party caused issuance of a notice to another private third

party. *Bird* states "Both [114(b) and RCFC 14] provide that in some instances a noticee may be barred from **asserting claims against the Government** in another court and in other instances certain **claims by the Government** can be decided in the noticee's absence." 51 Fed. Cl. at 542 (emphasis added). *Bird* makes very clear that the preclusive effects are only relevant and limited to situations that involve claims running between a third party and the Government, but have no application to potential claims of indemnification between a private party and a private third party. *Id*. at 548. Similarly, "the preclusive effect of section 114(b) and RCFC 14(a)(1) is that a noticee that fails to appear relinquishes any claim that it may have against the United States with regard to the subject matter of the instant litigation." *Id*.

Thus, the Notice in the Action, based on the foregoing, cannot bind Warren to determinations of law and fact with respect to any potential indemnification action that Allied may bring against Warren subsequent to this Action. In light of the foregoing, the Notice as issued is unconstitutional because it purports to bind Warren, a non-party, to determinations of law and fact in the Action. Thus, the Notice should be quashed.

Additionally, as discussed in Section I(B) of this brief, the Notice purports to expand the jurisdiction of this Court beyond the limits prescribed by Congress. Thus, Warren's Motion to Quash should be granted because the Notice allows for an unconstitutional expansion of the power of the United States Court of Federal Claims.

## CONCLUSION

WHEREFORE Warren respectfully requests the Court to grant its Motion to Quash Plaintiff's Notice to Third Party.

Dated this 19th day of February, 2004.

WARREN DISTRIBUTION, INC., Third-party Noticee

By: /s/ Alan Strasser

Alan Strasser
KUTAK ROCK LLP
Suite 1000
1101 Connecticut Avenue, NW
Washington, DC 20036-4374
Telephone: 202-828-2400
Facsimile: 202-828-2488
E-mail: alan.strasser@kutakrock.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Matthew Patrick Reed, Esq.
U. S. Department of Justice
Commercial Litigation Branch
Civil Division
Classification Unit
1100 L Street, NW
8th Floor
Washington, DC 20530

Brian D. Nolan, Esq.
Susan L. Stryker, Esq.
Nolan, Olson, Hansen, Fieber &
Lautenbaugh, LLP
The Exchange Building
1905 Harney Street, Suite 800
Omaha, NE 68102

By /s/ Alan Strasser
Alan Strasser

In addition to service via the CM/ECF system, this certifies the undersigned attorney has caused service of the foregoing to be made by mailing by ordinary first-class mail, postage prepaid, to the last known address of the following attorneys representing parties to this action, on this 19th day of February, 2004:

Brian D. Nolan, Esq.
Susan L. Stryker, Esq.
Nolan, Olson, Hansen, Fieber &
Lautenbaugh, LLP
The Exchange Building
1905 Harney Street, Suite 800
Omaha, NE 68102

By /s/ Alan Strasser
Alan Strasser