IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ALLIED OIL & SUPPLY, INC.,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant,<br>and<br>WARREN DISTRIBUTION, INC.,<br>Third-Party Defendant. | No. 03-2673 C<br><br>Chief Judge Edward J. Damich |

**ANSWER OF THIRD-PARTY DEFENDANT WARREN DISTRIBUTION, INC. PURSUANT TO RULE 14(c)**

Pursuant to Rule 14(c) of the Rules Of The United States Court Of Federal Claims ("RCFC"), Third-Party Defendant Warren Distribution, Inc. ("Warren") answers the Complaint of Plaintiff Allied Oil & Supply, Inc. ("Allied"), thereby intervening and asserting its interest herein, as follows:

1. Warren admits the allegations contained in paragraphs I through IV of Allied's Complaint (Fil. No. 1).

2. Allied subcontracted with Warren to blend, manufacture, produce, formulate and/or supply the turbine lubricating oil that Allied agreed to supply and deliver to the Fort Randall Project, Pickstown, South Dakota under Allied's Contract, identified as Contract No. DACW45-98-P-0564, with the United States (hereinafter, "Allied/US Contract").

3. Warren admits the allegations contained in paragraphs V through VIII of Allied's Complaint.

4. With respect to paragraph IX of Allied's Complaint, Warren agrees and contends that the following findings of the Contracting Officer's Decision are erroneous and unsubstantiated by evidence:

(a) The finding that Allied supplied new turbine lubricating oil and replacement oil that failed to meet the emulsion requirements of the Allied/US Contract. (Identified as paragraph IX(a) in Allied's Complaint.)

(b) The finding that the oil supplied by Allied was the cause of alleged damage sustained by the United States. (Encompassed by paragraphs IX (b) and (d) in Allied's Complaint.)

(c) The finding that the United States has been damaged in the amount of $658,406.95. (Identified by paragraph IX (f) in Allied's Complaint.)

(d) The finding that the United States is entitled to lost revenue. (Identified by paragraph IX (g) in Allied's Complaint.)

5. With respect to paragraphs IX( c) and IX(e), Warren alleges that it cannot be held liable for any alleged damage in this matter, because:

(a) Warren did not contract, either expressly or impliedly, with the United States to supply and deliver turbine lubricating oil, or any other type of oil, to the Fort Randall Project, Pickstown, South Dakota.

(b) Warren did not contract, either expressly or impliedly, with the United States to provide any product, perform any service or for any other reason.

(c) Warren is not a contractor in this case.

(d) The United States has not served a Contracting Officer's Decision on Warren, or otherwise made a claim against Warren, in this matter.

(e) Warren has not asserted a claim, or an interest in a claim, against the United States.

(f) The turbine lubricating oil that Warren blended, manufactured, produced, formulated and/or supplied for Allied, at the time it left Warren's care, custody and control, met all of the required specifications and other requirements under the Allied/US Contract.

(g) The turbine lubricating oil that Warren blended, manufactured, produced, formulated and/or supplied for Allied, at the time it left Warren's care, custody and control, was fit for its intended purpose.

(h) The turbine lubricating oil that Warren blended, manufactured, produced, formulated and/or supplied for Allied, at the time it left Warren's care, custody and control, was not defective.

(i) If problems developed with the turbine lubricating oil that Warren blended, manufactured, produced, formulated and/or supplied for Allied, such problems developed after the oil left Warren's care, custody and control, and were the result of Allied contaminating the oil, the United States contaminating the oil and/or circumstances at the Fort Randall Project, Pickstown, South Dakota that were the fault of the United States.

6. This Court is without jurisdiction to litigate any disputes that may exist between Allied and Warren. Therefore, Warren states that it is not waiving, and therefore preserves, any

defenses, including, but not limited to, defenses based on the statute of limitations, it may have to any claims or causes of action Allied may bring against Warren in any subsequent litigation.

WHEREFORE, Warren prays:

(a) For this Court to declare that Allied is not liable to the United States for any damages arising from the Allied/US Contract, which is the subject of the Contracting Officer's Decision; or, alternatively, that the United States is not entitled to lost revenue as determined by the Contracting Officer.

(b) For this Court to declare that it is without jurisdiction to litigate any disputes that may exist between Allied and Warren.

(c) For this Court to declare there is no basis to render a judgment against Warren.

(d) That Warren's interests in this matter be protected.

(e) That Warren be awarded its costs incurred in intervening and asserting its interests in this action.

(f) That Warren be granted such other and further relief as the Court may deem just and proper.

Dated this 28th day of May, 2004.

WARREN DISTRIBUTION, INC.,
Third-Party Defendant

By: s/Dennis J. Moynihan

Dennis J. Moynihan
KUTAK ROCK LLP
The Omaha Building
1650 Farnam Street
Omaha, NE 68102-2186
Phone: (402) 346-6000
Fax: (402) 346-1148

**CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

James D. Colt, Esq.
U.S. Department of Justice
Commercial Litigation Branch
Civil Division
Classification Unit
1100 L Street, N.W.
Room 8032
Washington, D.C. 20530

Brian D. Nolan, Esq.
Nolan, Olson, Hansen, Fieber & Lautenbaugh, LLP
The Exchange Building
1905 Harney Street, Suite 800
Omaha, NE 68102

s/Dennis J. Moynihan______________________
Dennis J. Moynihan