**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ALLIED OIL & SUPPLY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 03-2673C |
| | ) | |
| v. | ) | (Judge Damich) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| WARREN DISTRIBUTION, INC., | ) | |
| | ) | |
| Third-Party Defendant | ) | |

**JOINT PRELIMINARY STATUS REPORT**

______Pursuant to Appendix A, Part III, of the Rules of the United States Court of Federal Claims ("RCFC"), the parties submit the following Joint Preliminary Status Report.

**1. Jurisdiction**

______Allied Oil & Supply, Inc. ("Allied Oil") asserts jurisdiction pursuant to the Tucker Act, 28 U.S.C. § 1491, and the Contract Disputes Act of 1978, 41 U.S.C. § 601 et seq.. At this time, neither the United States nor Third Party Defendant Warren Distribution, Inc., knows of any reason to question the Court's jurisdiction.

**2. Consolidation**

______This case should not be consolidated with any other case.

**3. Bifurcation**

______The parties agree that the trial of liability and damages should not be bifurcated.

**4. Deferral**

______The parties are not aware of any related cases currently pending in this or any other

tribunal and, accordingly, the proceedings in this case should not be deferred pending consideration of any other case.

**5. Remand/Suspension**

______None of the parties will seek to remand or suspend this case.

**6. Joinder of Additional Parties**

______On December 2, 2003, this Court, pursuant to a motion by Allied Oil, directed that a RCFC 14(b) Notice to Third Party be issued to Warren Distribution, Inc. On April 1, 2004, this Court denied Warren Distribution's Motion to Quash such notice. On May 28, 2004, Warren Distribution became a Third Party Defendant by filing a Third Party Answer pursuant to RCFC 14(c).

**7. Motions Pursuant to RCFC 12(b), 12(c) or 56**

______No motions pursuant to RCFC 12(b), 12(c) or 56 have been filed. At this time, the parties have not determined whether they will file any dispositive motions following the close of discovery. The parties propose that the Court's scheduling order allow the parties to file such a motion within sixty days of the close of discovery.

**8. Relevant Issues**

In August, 1998, the United States Army Corps of Engineers ("Army"), pursuant to Contract No. DACW45-98-P-0564 ("contract"), contracted with Allied Oil for the delivery of turbine lubricating oil to Fort Randall in South Dakota. Allied Oil subcontracted with Warren Distribution, Inc. to supply the oil under the contract.

Beginning in October, 1998, the Army began claiming that the oil delivered clouded up. Although both Allied Oil and Warren Distribution, Inc. contend that the oil met the contract's

requirements, the parties tried to address the Army's concerns by measures which included the supply of replacement and second replacement oil. Tests were performed on the oil supplied under the contract. The Army has claimed that the oil supplied failed to meet the contract's emulsion requirements. The Army claims that, in February 1999, its personnel discovered a grease-like substance that appeared to be gel inside the turbines.

The Army ultimately accepted the second replacement oil, but it claims that it first had to clean the turbines, over several months, to remove the alleged gel. On November 18, 2002, the Army's contracting officer issued a final decision, which Allied Oil and Warren Distribution, Inc, dispute, determining that the oil supplied under the contract failed to meet the emulsion requirements of the contract, and, as a result, caused the alleged gel problems and caused the United States to sustain damages in the amount of $658,406.95. Pursuant to the contracting officer's decision, these alleged damages consist of $18,001.08 in testing costs, $305,762.67 in labor expenses, and $334,643.20 in lost power generating revenue. Allied Oil brought this action asking this Court to declare that it is not liable for the assessed damages or, in the alternative, that the Government is not entitled to be compensated for lost revenue.

The parties dispute the following questions:

a. Whether the turbine lubricating oil supplied complied with the contract;

b. Whether the turbine lubricating oil supplied under the contract caused gel formation in the turbines;

c. Whether the turbine lubricating oil supplied under the contract caused the alleged damages sustained by the United States;

d. Whether the United States incurred any compensable damages, and, if so, the

amount of such damages.

**9. Settlement**

______At this time, the parties believe it is too early in the litigation to provide an opinion as to the likelihood of settlement or the use of alternative dispute resolution. The parties will consider settling some or all of the claims, as well as the use of alternative dispute resolution, as this litigation progresses.

**10. Trial**

______If this matter cannot be resolved through settlement, the parties anticipate that the case will proceed to trial in the event that dispositive motions are not filed or, if filed, are not sustained. The parties do not request an expedited trial schedule.

**11. Electronic Case Management**

______There are no problems of which the parties are aware with regard to the electronic filing of documents in this matter.

**12. Additional Issues**

Both Allied Oil and Warren Distribution reserve the right to request consideration of a trial location other than Washington, D.C..

**13. Proposed Discovery Plan**

______Pursuant to RCFC Appendix A, ¶ 5, the parties propose the following discovery plan:

a. Initial Disclosures pursuant to RCFC 26(a)(1) shall be served on or before September 1, 2004.

b. Because of the facts and circumstances of the contract, the parties propose that, without leave of Court or written stipulation, a party may serve upon any other

party up to 50 interrogatories, including all discrete subparts, pursuant to RCFC 33.

c. The parties may petition the Court, if necessary, to allow more depositions than the presumptive limit of 5 depositions per side.

d. All fact discovery in this action shall be completed on or before April 1, 2005.

e. The parties are not in agreement as to whether the disclosure of expert witnesses pursuant to RCFC 26(a)(2) and expert discovery should be conducted serially or simultaneously. When the Court has resolved that question, the parties will be able to set a schedule for expert discovery.

f. The parties are available to discuss the issues discussed in this JPSR at 10:00 am Eastern Standard Time on June 29, 30, and July 1, 2004.

Respectfully submitted,

PETER D. KEISLER.
Assistant Attorney General

DAVID M. COHEN
Director

s/ James M. Kinsella
JAMES M. KINSELLA
Deputy Director

s/ Susan Stryker
SUSAN STRYKER
Nolan, Olson, Hansen & Laughtenbaugh, LLP
Counsel for Allied Oil & Supply, Inc.

s/ Dennis Moynihan
DENNIS MOYNIHAN
Kutak Rock, LLP
Counsel for Warren Distribution, Inc.

June 21, 2004

s/ James D. Colt
JAMES D. COLT
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L. Street, NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
(202) 514-7300

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of June, 2004, a copy of the foregoing JOINT PRELIMINARY STATUS REPORT was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ James D. Colt