IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ALLIED OIL & SUPPLY, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| THE UNITED STATES, | ) | No. 03-2673C |
| Defendant, | ) | (Judge Damich) |
| and | ) | |
| WARREN DISTRIBUTION, INC., | ) | |
| Third-Party Defendant. | ) | |

DEFENDANT'S RESPONSE TO
THIRD-PARTY DEFENDANT, WARREN DISTRIBUTION, INC.'S,
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Rules 26 and 34(b) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits its responses to Third-Party Defendant, Warren Distribution, Inc.'s, request for production of documents.

GENERAL OBJECTIONS

The Government asserts and incorporates by reference the following general objections to Warren Distribution's request for production of documents as though they were set forth in full in each response.

1. Privileged/Protected Material: The Government objects to each request for production of documents to the extent that it is deemed to require disclosure of classified or confidential information, or protected information; or matters subject to the attorney-client communication privilege, the attorney work product doctrine, the deliberative process privilege, a law enforcement and/or investigatory files privilege, executive privilege, and any other privilege;

any statutory or regulatory restriction upon the disclosure of information, including but not limited to the Privacy Act; or information prohibited from being disclosed by law.

2. Discovery Is Not Complete; No Waiver: Discovery has not concluded in this litigation. Accordingly, the responses of the Government to this discovery request are based upon the information available at this stage of the litigation. The Government reserves the right to rely upon any facts, documents, or other evidence which may develop or come to its attention subsequent to this response.

Likewise, the objections made by the Government to plaintiff's first request for production of documents are based upon the information presently known by the Government, and are made without prejudice to the Government's right to assert additional objections in the event that additional grounds for objections should be discovered by the Government subsequent to this response. Moreover, the mere fact that the Government has responded to a particular request for production of documents is not a waiver by the Government of any presently stated, or subsequently asserted, objection to a particular request for production of documents.

3. Information Not In Possession Of Current Employees: The Government objects to each request for production of documents to the extent that it would require the Government to obtain and disclose information that is not within the knowledge or possession of current employees.

4. Unduly Burdensome Request For Production: The Government objects to each request for production of documents to the extent that it is duplicative or otherwise unduly burdensome.

5. Information Beyond The Scope of Permissible Discovery: The Government

objects to each request for production of documents to the extent that it requires the Government to furnish information or documents beyond the scope of the RCFC.

Subject to and without waiving the above objections, the Government will provide any relevant non-privileged and responsive information and documents currently available to it that is within the possession, custody and control of the Government, subject only to the requirements for supplementation of responses set forth in RCFC 26(e).

Document Request No. 17:

For those dam sites, within the last ten (10) years, for which the Defendant, The United States, is or was responsible, that developed alleged problems similar to those alleged in the above-captioned matter subsequent to the replacement of turbine lubricating oil, please produce:

A. Those documents addressing, describing or relating to the alleged problems.

B. Those documents addressing, describing or relating to the cause of the alleged problems.

C. Those documents addressing, describing or relating to the damages, if any, The United States incurred as a result of the alleged problems; and

D. Those documents describing or relating to the solutions The United States determined would address the alleged problems.

Response:

Defendant objects that the term "similar" is vague and ambiguous. Defendant further objects to this request as unduly burdensome to the extent that it might call for the production of documents from several federal agencies outside of the United States Army Corps of Engineers, Omaha District. Defendant finally objects to this request because it is unlikely to lead to the discovery of admissible evidence insofar as it is not restricted to documents that relate to the subject matter of the lawsuit. Subject to these objections, Defendant avers that it is not aware of any other dam sites that developed problems with the gel Substance of the type and amount that formed on the Fort Randall dam after the use of New Oil.

Document Request No. 18:

If the dam sites at Chief Joe, Washington and/or Ozark, Arkansas, within the last ten (10) years, developed alleged problems similar to those alleged in the above-captioned matter subsequent to the replacement of turbine lubricating oi, please produce:

A. Those documents addressing, describing or relating to the alleged problems.

B. Those documents addressing, describing or relating to the cause of the alleged problems.

C. Those documents addressing, describing or relating to the damages, if any, The United States incurred as a result of the alleged problems; and

D. Those documents describing or relating to the solutions The United States determined would address the alleged problems.

Response:

Defendant incorporated by reference its response to Document Request No. 17.

Document Request No. 19:

For those dam sites, within the last ten (10) years, for which the Defendant, The United States, is or was responsible, that developed alleged problems similar to those alleged in the above-captioned matter subsequent to the replacement of turbine lubricating oil, please produce:

A. Those documents addressing, describing or relating to the alleged problems.

B. Those documents addressing, describing or relating to the cause of the alleged problems.

C. Those documents addressing, describing or relating to the damages, if any, The United States incurred as a result of the alleged problems; and

D. Those documents describing or relating to the solutions The United States determined would address the alleged problems.

Response:

Defendant incorporates by references its response to Document Request No. 17.

Document Request No. 20:

If the dam sites at Chief Joe, Washington and/or Ozark, Arkansas, within the last ten (10) years, developed alleged problems of any kind subsequent to the replacement of turbine lubricating oil, please produce:

A. Those documents addressing, describing or relating to the alleged problems.

B. Those documents addressing, describing or relating to the cause of the alleged problems.

C. Those documents addressing, describing or relating to the damages, if any, The United States incurred as a result of the alleged problems; and

D. Those documents describing or relating to the solutions The United States determined would address the alleged problems.

Response:

Defendant objects that the term "problems of any kind" is vague and ambiguous. Defendant further objects that this request is unduly burdensome in that it requests information on beyond the scope of this lawsuit and not likely to lead to the discovery of admissible evidence.

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

JAMES M. KINSELLA
Deputy Director

JAMES D. COLT
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L. Street, NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
(202) 514-7300

Attorneys for Defendant

February 17, 2005

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 17th day of February, 2005, I caused to be faxed a copy of the DEFENDANT'S RESPONSE TO THIRD-PARTY DEFENDANT'S FIRST SET OF INTERROGATORIES, with subsequent delivery by mail, addressed as follows:

Brian D. Nolan
NOLAN, OLSON, HANSEN, FIEBER & LAUGHTENBAUGH, LLP
The Exchange Building
1905 Harney Street, Ste. 800
Omaha, NE 68102

Dennis J. Moynihan
KUTAK ROCK, LLP
The Omaha Building
1650 Farnam Street
Omaha, NE 68102-2186

Karlisha Bethea