**Buescher, Brian C.**

---

**Subject:** FW: Allied v. US & Warren, US Ct. Fed. Cl.

From: Dennis.Moynihan@KutakRock.com
[mailto:Dennis.Moynihan@KutakRock.com]
Sent: Thursday, May 26, 2005 5:03 PM
To: Colt, James (CIV)
Cc: Michael.Connery@KutakRock.com; Brian.Buescher@KutakRock.com; sstryker@nolanolson.com; bnolan@nolanolson.com
Subject: RE: Allied v. US & Warren, US Ct. Fed. Cl.

Jim,

As a follow-up to your below e-mail, we served an executed and dated 30(b)(6) notice on May 4th, via e-mail and Federal Express (next day delivery), that contained paragraphs 54 & 55. In the e-mail, a copy of which I have attached immediately below this e-mail for your covenience (along with the dated and executed 30(b)(6) notice that was attached to the e-mail), we indicated that we were formally serving a dated and executed notice (which had previously been served informally on March 9th) since a definite date and time for commencing the deposition of Government Rule 30(b)(6) designees had been established, beginnning with Prem Arora.

Additionally, we indicated the dated and executed notice contained two additional subject matters, at paragraphs 54 & 55, which address provisions of the Allied/US Contract. We anticipated the person or persons who would address the matters set-forth in paragraphs 1 & 2 would also address the matters in paragraphs 54 & 55 because the latter two paragraphs address a specific provision in the Allied/US Contract.

As we are still in the process of taking depositions (with the current fact discovery cutoff date over a month away), and the executed notice was served on May 4th, it did not seem as though paragraphs 54 & 55 would present an issue. Please let me know if designating someone to testify as to the issues set-forth in paragraphs 54 & 55 will present a problem.

With respect to the subject matters set-forth in paragraphs 23-30 of the 30(b)(6) notice, the scope of permissible discovery includes information that is reasonably calculated to lead to the discovery of admissible evidence. The development of an alleged "grease-like gel material," "gel substance," "gel," a gel-like substance, sludge or other problem subsequent to the replacement of turbine lubricating oil or the addition of new oil to existing oil at other dam sites involves similar issues to those present in the above-referenced matter. Therefore, such discovery may yield information that provides insight into the Government's allegations arising from the Fort Randall dam site.

Based on the foregoing, we believe the subject matters set-forth in paragraphs 23-30 of the 30(b)(6) Notice are discoverable. Please let us know if the Government wishes to maintain its position that the subject matters set-forth in paragraphs 23-30 are beyond the scope of permissible discovery, as we may need to then address the issue with the Court.

With respect to Mr. Micetic (one of the authors of the report titled, "Performance Problems with Group II Hydro-Cracked Turbine Oils in Corps of Engineers Hydropower Facilities" (hereinafter, "Hydropower Facilities Report")), we intend to address the information he developed in that report, including, but not limited to, his tests, analyses, analytical work and other work, as it relates to Fort Randall. We, also, intend to address the information Mr. Micetic developed in the Hydropower Facilities Report, including, but not limited to, his tests, analyses, analytical work and/or other work, as it relates to the Bonneville 2 Powerhouse, OR; Ozark Powerhouse, AR; Keystone Powerhouse, OK; Broken Bow, OK; and, Chief Joseph Powerhouse, WA. If the Government intends to prevent Mr. Micetic from testifying to sites other than Fort Randall, please let us know now, as we may need to then address this issue with the Court based on the above discussion regarding the permissible scope of discovery.

With respect to the subject matter set-forth in paragraph 51 of the 30(b)(6) notice, which involves the report titled "Performance Problems with Group II Hydro-Cracked Turbine Oils in Corps of Engineers Hydropower Facilities," we intend to address the information in, as well as the tests, analyses, analytical work and other work underlying, the report which is the subject of Paragraph 51 as it relates to Fort Randall. We, also, intend to address all of this information as it relates to the other powerhouses discussed in the report which is the subject of Paragraph 51, namely the Bonneville 2 Powerhouse, OR; Ozark Powerhouse, AR; Keystone Powerhouse, OK; Broken Bow, OK; and, Chief Joseph Powerhouse, WA. If the Government intends to prevent the person designated to discuss the subject matter of paragraph 51 from testifying as to sites other than Fort Randall, please let us know now, as we may need to then address this issue with the Court based on the above discussion regarding the permissible scope of discovery.

We appreciate your consideration of the above issues, and we will certainly advise you of Mr. Snuttjer's availability for a deposition as soon as that information is known to us.