IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ALLIED OIL & SUPPLY INC., Plaintiff, vs. THE UNITED STATES, Defendant and WARREN DISTRIBUTION, INC. Third-Party Defendant. | CASE NO. 03-263 C<br>D E P O S I T I O N<br>COPY<br>DEPOSITION TAKEN ON BEHALF OF DEFENDANT |

DEPOSITION OF GARY CHRISTIAN, taken before Deborah M. Fernau, Court Reporter and Notary Public for the State of Nebraska, beginning at 9:00 a.m., on the 6th day of September, 2005, at the offices of NOLAN, OLSON, HANSEN & LAUTENBAUGH, L.L.P., 1905 Harney Street, Omaha, Nebraska.

** ** ** ** **

EXHIBIT C

problems had occurred in Venezuela, or whatever country it was in?

A. No. No detail.

MR. TRACY: One minute here. I believe those are all the questions I have.

MS. STRYKER: Do you want to go next?

BUESCHER: Why don't you go next, since it's your witness, and I'll go last, if that's okay with you.

CROSS-EXAMINATION

BY MS. STRYKER:

Q. Today you have used the term "off spec." When you use that term, what do you mean?

A. It's just a term that we use in the industry that really doesn't mean anything. Yeah, it really doesn't mean anything. Like I stated before, there's no analysis or anything. It means we're going to return something, in our business.

Q. So when you use that term, you're not saying that --

MR. COLT: I'm -- I'm sorry.

MR. TRACY: Don't jump in.

MR. COLT: I didn't mean to interrupt.

Q. (By Ms. Stryker) When you use that term, you're not saying that the oil was not what it was supposed to be?

MR. COLT: Objection; leading.

THE WITNESS: Do I answer?

Q. (By Ms. Stryker) You can answer.

A. What was your question again?

MS. STRYKER: Would you read the question back?

(The requested portion was read back.)

A. That is correct.

Q. (By Ms. Stryker) I believe you may have made reference that Conrad Heinson used that term in a conversation with you. You do not know what Mr. Heinson was thinking when he used that term, do you?

MR. COLT: Objection, leading.

A. No, I didn't know what was -- what he was thinking of.

Q. (By Ms. Stryker) And when you use that term, you're not stating that the oil here did not meet the specifications of this

contract; is that correct?

MR. TRACY: Objection; leading.

MR. COLT: Objection, also.

Go ahead.

A. You're going to have to read it back to me again.

MS. STRYKER: Can you read that?

(The requested portion was read back.)

A. That is correct.

Q. (By Ms. Stryker) Referring to the third page of Exhibit 6, you were asked some questions about this page being your notes. When you testified, you were just speaking as to the handwritten notes and drawings on that page; is that correct?

MR. COLT: Objection; leading.

A. When I said these notes were mine, I was talking about my handwriting, yes.

Q. (By Ms. Stryker) So the typewritten information appearing on this page do not constitute your notes; is that correct?

MR. TRACY: Objection; leading.

A. No. This is a maintenance schedule given to me by the Corps of Engineers.