# In the United States Court of Federal Claims

No. 03-2673 C
(Filed: December 12, 2005)

| | |
|---|---|
| ALLIED OIL & SUPPLY, INC. | |
| Plaintiff, | |
| v. | |
| THE UNITED STATES, | |
| Defendant, | |
| and | |
| WARREN DISTRIBUTION, INC., | |
| Third-Party Defendant. | |

## ORDER

Fact discovery was scheduled to close in this case on October 3, 2005. On that same day, Third Party Defendant Warren Distribution, Inc. ("Warren") filed a Motion for Enlargement of Fact Discovery Deadline for the Purpose of Serving a Subpoena upon Chemoptix, LLC ("Chemoptix"). Defendant opposes the motion. In its motion, Warren asked the Court to extend the deadline for fact discovery, in order for it to serve a subpoena on Chemoptix to produce certain documents relating to tests conducted at Chief Joseph Dam.

Early during discovery, Warren served a request for production of documents on Defendant, asking for documents relating to problems similar to those at Fort Randall that occurred at other dam sites, including Chief Joseph. Defendant objected to the request as vague, unduly burdensome, and unlikely to lead to the discovery of admissible evidence. Defendant also stated that it was not aware of any dam sites that experienced similar problems with a gel of the type and amount of that at Fort Randall. Warren indicated that it would file a motion with the Court, but Defendant proposed that the parties wait until after the deposition of John Mimetic, an Army Corps of Engineers chemist, before resorting to court intervention. That deposition did not take place until August 31, 2005, and the final transcript was not available until September 12,

2005. Meanwhile, other depositions were scheduled during much of September. At the end of September, Warren renewed its request for documents from Defendant, and Defendant again refused. That led to the instant Motion for Enlargement of Fact Discovery.

The Court finds that, based on the deposition of John Mimetic, the subpoena that Warren intends to serve on Chemoptix "appears reasonably calculated to lead to the discovery of admissible evidence" pursuant to RCFC 26(b)(1), and that Warren's belated request for the Chemoptix documents is reasonable under the circumstances. Although the motion was filed with insufficient notice to the Court pursuant to Paragraph 4(a) of the Court's Special Procedures dated December 9, 2003, nevertheless, the Court grants leave for Warren to file its Motion for Enlargement of Fact Discovery on the last day of discovery. Furthermore, the Court GRANTS Warren's motion.

The Court ORDERS that fact discovery shall close on January 13, 2006. The Court further ORDERS the parties to submit a joint status report on or before February 3, 2006.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge