IN THE UNITED STATES COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| ALLIED OIL & SUPPLY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant,<br><br>and<br><br>WARREN DISTRIBUTION, INC., Third-Party Defendant | No. 03-2673 C<br><br>Chief Judge Edward J. Damich |

**JOINT STATUS REPORT**

On June 27, 2005, this Court ordered the parties to issue a Joint Status Report on or before October 18, 2005 addressing 1) the likelihood of settlement, 2) the need for dispositive motions, and 3) the timing of expert discovery. (Order, June 27, 2005, Filing No. 32). On October 17, 2005, due to an outstanding discovery dispute, the Court ruled the Parties' Joint Motion for Enlargement of Deadline to file a Joint Status Report was moot and suspended indefinitely the requirement that the Parties file a Joint Status Report. (Order, Oct. 17, 2005, Filing No. 35). On December 12, 2005, the Court Ordered the Parties to file a Joint Status Report on or before February 3, 2006. (Order, Dec. 12, 2005, Filing No. 38).

Pursuant to the above orders, the Parties respectfully submit the following for their Joint Status Report:

A. The Likelihood of Settlement

The Parties have discussed settlement. However, none of the parties are prepared to make a formal settlement offer at this time. The Parties therefore request a sixty (60) day period after expert discovery is complete to discuss possible settlement. The proposed schedules below include this sixty (60) day settlement discussion period.

In spite of the above issues and request, there may be attempts to initiate earlier settlement discussions.

B. The Need for Dispositive Motions

The Parties suggest that they report to the Court after expert disclosures and discovery is complete regarding the need for dispositive motions.

As indicated, the Parties are proposing that the Court allow a sixty (60) day period for settlement discussions following the close of expert disclosures and discovery. The Parties would report to the Court on their settlement efforts, and, if the case is not resolved through settlement during this sixty (60) day period, the Parties would discuss with the Court the nature of the proposed scheduling order the Court would like to receive from the Parties at that time. The deadline for filing and serving dispositive motions, if needed, would be part of this proposed scheduling order.

C. Timing of Expert Disclosures and Discovery

There are documents that were identified by Warren Distribution, Inc. ("Warren") in response to written fact discovery which the Government would like to have available for use during the expert disclosures and discovery. Warren considers these documents to contain sensitive information constituting a trade secret or other confidential research, design, development or other commercial information. Warren has agreed to produce these documents under the terms of a protective order. The Parties will provide the Court with a proposed protective order prior to the February 28, 2006 status conference. If there is any disagreement among the Parties regarding the terms of the proposed protective order, the Parties will be prepared to address the issues underlying the disagreement at the February 28th status conference. In order to provide time for the entry of a protective order, if deemed appropriate by the Court, the Parties' proposed timing for expert disclosures and discovery contemplates March 1, 2006 as the date the Parties can begin working on expert disclosures and discovery.

The Parties have discussed the proposed timing for expert disclosures and discovery and have been unable to come to agreement. Warren and Allied Oil & Supply, Inc. ("Allied") seek an expert discovery schedule which requires the Government to issue its RCFC 26 expert report or reports first, followed by a deadline for Allied and Warren to issue their respective expert reports. Allied and Warren would have the same deadline to issue their respective expert reports. The Government seeks simultaneous exchange of Rule 26 expert reports.

The Government proposes the following schedule for expert discovery:

- June 1, 2006 (Ninety (90) days from March 1, 2006). All parties may submit their RCFC 26 expert reports.
- September 1, 2006 (Ninety (90) days from June 1, 2006). All expert depositions completed.
- November 1, 2006. Sixty (60) day period, from the deadline for completing expert depositions, set aside for settlement discussions ends.

Defendant Allied and Third Party Defendant Warren propose the following schedule:

- June 1, 2006 (Ninety (90) days from March 1, 2006). The Government may submit its RCFC 26 expert report or reports.
- September 1, 2006 (Ninety (90) days from June 1, 2006). Defendant Allied and Third Party Defendant Warren may submit their respective RCFC 26 expert reports to the Government.
- December 1, 2006 (Ninety (90) days from September 1, 2006). All expert depositions completed.
- February 1, 2007. Sixty (60) day period, from the deadline for completing expert depositions, set aside for settlement discussions ends.

In the event that the Court does not agree with Defendant Allied's and Third Party Defendant Warren's proposed schedule for the timing of expert disclosures and discovery, Allied and Warren alternatively propose the following schedule:

- June 1, 2006 (Ninety (90) days from March 1, 2006). All Parties may submit their RCFC 26 expert reports.

- July 10, 2006 (Forty (40) days from June 1, 2006). Each Party may provide rebuttal or supplemental reports from their respective expert or experts in response to each other Party's initial or opening expert report or reports.
- October 9, 2006 (Ninety (90) days from July 10, 2006). All expert depositions completed.
- December 8, 2006. Sixty (60) day period, from the deadline for completing expert depositions, set aside for settlement discussion ends.

D. Other Matters

In written fact discovery, each Party identified samples that it had in its possession. The Parties indicated that arrangements for access to the identified samples would have to be made through counsel for the Party holding the samples; and, each Party stated the samples would be made available to each other Party under circumstances agreed upon by the Parties, or, if agreement could not be reached, under circumstances determined by the Court. The Parties will attempt to reach agreement as to the circumstances under which the identified samples will be exchanged and tested and the procedure for this exchange and testing. In the event that the Parties cannot reach agreement on this exchange and testing of identified samples, the Parties will bring the disagreement before the Court for resolution.

Respectfully submitted this 10th day of February, 2006,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/James M. Kinsella
JAMES M. KINSELLA
Deputy Director

s/James D. Colt
JAMES D. COLT
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L. Street, NW
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Phone: (202) 514-7300
Facsimile: (202) 307-0972
*Counsel for Defendant The United States*

s/Brian Nolan by Susan Stryker
BRIAN NOLAN
Nolan, Olson, Hansen & Laughtenbaugh, LLP
The Exchange Building
1905 Harney Street
Suite 800
Omaha, NE 68102
Phone: (402) 342-6233
Facsimile: (402) 342-9362
*Counsel for Plaintiff Allied Oil & Supply, Inc.*

s/Dennis Moynihan by Brian C. Buescher
DENNIS MOYNIHAN
Kutak Rock, LLP
The Omaha Building
1650 Farnam Street
Omaha, NE 68102-2186
Phone: (402) 346-6000
Facsimile: (402) 346-1148
*Counsel for Third-Party Defendant Warren Distribution, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

James D. Colt, Esq.
U.S. Department of Justice
Commercial Litigation Branch
Civil Division
Classification Unit
1100 L Street, NW
Room 8032
Washington, D.C. 20530
James.colt@usdoj.gov

Brian D. Nolan, Esq.
Nolan, Olson, Hansen & Lautenbaugh, LLP
The Exchange Building
1905 Harney Street
Suite 800
Omaha, NE 68102
bnolan@nolanolson.com

s/Dennis Moynihan by Brian C. Buescher
DENNIS J. MOYNIHAN