IN THE UNITED STATES COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| ALLIED OIL & SUPPLY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant,<br><br>and<br><br>WARREN DISTRIBUTION, INC., Third-Party Defendant | No. 03-2673 C<br><br>Chief Judge Edward J. Damich |

**DECLARATION OF JAMES FITCH**

1. I am employed at Noria Corporation, located in Tulsa, Oklahoma, and provide consulting services in the area of oil and lubricant analysis. I have served as an expert in the area of oil and lubricant analysis many times, and my expert testimony has been accepted by numerous courts around the country.

2. On or about August 2002, I was retained by the law firm of Kutak Rock LLP to serve as a consulting expert for Warren Distribution, Inc. ("Warren") related to a claim by the United States arising out of the Fort Randall dam site in the State of South Dakota, and involving Warren and Allied Oil & Supply, Inc. ("Allied"). I was engaged under the terms of a written agreement.

3. At the beginning of my engagement, I was advised that my engagement was in anticipation of litigation involving Warren Distribution, Inc. ("Warren"), the United States, and

Allied. I understand that suit was eventually filed giving rise to the action *Allied Oil & Supply v. United States*, No. 03-2673 (Ct. Fed. Cl.) ("Litigation"). I was also advised that all matters related to this engagement were privileged and confidential and that Kutak Rock LLP would be using my services to make decisions regarding the strategy, defense, and other matters related to possible litigation with the United States and/or Allied.

4. On or around November, 2002, I contacted Bill Herguth, of Herguth Laboratories in Vallejo, California. I inquired whether Mr. Herguth would be willing to assist me in my engagement with Kutak Rock LLP. I advised him I was working for Kutak Rock LLP, which represented Warren. In conversations I had with Mr. Herguth, I explained many of the underlying facts of the case as communicated to me by Kutak Rock LLP. I told Mr. Herguth that I had been hired by Kutak Rock LLP because Warren anticipated the possibility of litigation involving itself and the United States and/or Allied. Mr. Herguth understood that I and Kutak Rock LLP expected my correspondence with him to be kept confidential, and that all matters related to his engagement, through me, for this case would be kept confidential.

5. In the course of my discussions with Mr. Herguth, I provided Mr. Herguth with confidential information. This information included, but was not limited to, the following: (1) information regarding some of the possible defenses Warren was developing that were communicated to me from Kutak Rock LLP; (2) certain facts regarding the litigation that Kutak Rock LLP felt were significant and key to the defense of Warren; (3) specific Kutak Rock LLP's impressions as to the case for the Government, Allied, and Warren; (4) questions that Kutak Rock LLP asked me to address and analyze with respect to the alleged issues arising from the Fort Randall dam site that are the subject of the litigation; and (5) my thoughts as to how testing should proceed given the certain defense strategies being considered by Kutak Rock LLP.

6. Mr. Herguth went on to provide me advice as to what testing he thought should be completed in order to answer the questions asked of me by Kutak Rock LLP. He also provided me recommendations as to a specific strategy of testing. Mr. Herguth and his laboratory eventually performed numerous tests on a variety of samples related to this Litigation. Subsequent to completing the testing, Mr. Herguth provided specific thoughts impacting Warren's case strategy in light of the results of his testing. Mr. Herguth's has been paid for his services related to this engagement by my office, and the costs associated with Mr. Herguth's work have been billed to Kutak Rock LLP on behalf of Warren.

7. I continue to serve as a consulting expert to Kutak Rock LLP for issues related to the Litigation. I or my office have over the past four years had contact with Mr. Herguth and/or Herguth laboratories with regard to various issues relating to this case. I understand that my assistant requested from Herguth Laboratories within the last few months information regarding samples related to this case which are currently retained by Herguth Laboratories. I understand that my assistant requested this information pursuant to the specific request of Kutak Rock LLP in order to determine which samples, of those retained by Herguth Laboratories, needed to be returned, split, and provided to the United States by Kutak Rock LLP. Herguth Laboratories cooperated and provided my office the requested information relating to the samples Herguth Laboratories currently retains related to this case.

I, JAMES FITCH, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 26th day of July, 2006.

James Fitch