IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ALLIED OIL & SUPPLY, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-2673C |
| THE UNITED STATES, | ) | (Judge Damich) |
| Defendant, | ) | |
| and | ) | |
| WARREN DISTRIBUTION, INC., | ) | |
| Third-Party Defendant | ) | |

DEFENDANT'S UNOPPOSED
MOTION FOR ENLARGEMENT OF TIME

Pursuant to Rule 6.1 of the Rules of the Court of Federal Claims, defendant, the United States, respectfully requests that the Court enlarge by 30 days, from August 14, 2006, to and including, September 13, 2006, the due date for the defendant's response to Warren Distribution's Motion To Exclude William Herguth As An Expert Witness For The United States And Motion For Protective Order ("Motion"). This is the Government's first such request. On August 8, 2006, counsel for both plaintiff and intervenor indicated that they do not oppose this request.

On July 26, 2006, Warren Distribution filed a motion to exclude the defendant's expert witness, Mr. William Herguth, because of an alleged conflict. The conflict allegedly arose because Mr. Herguth's laboratory had performed tests that Warren Distribution alleged were privileged. However, Warren Distribution did not formally assert a privilege with regard to these tests and related documents until two days later, July 28.

On August 4, 2006, after reviewing Warren Distribution's amended privilege log, undersigned counsel sent counsel for Warren Distribution a letter disputing their newly raised claim of privilege and attempting to resolve the disagreement between the parties. However, the parties will require more time to ascertain whether they can resolve the question of Warren's new assertion of privilege. It must first be determined whether there is a valid privilege at stake in this matter before it is determined whether the Court can fashion a protective order to protect any privilege that may be held to be valid. Therefore, it would be premature to respond to the pending motion before the parties had attempted to resolve the privilege question.

In addition, undersigned counsel will be out of the office on August 14 on leave that was scheduled prior to the emergence of this dispute. Furthermore, this same counsel will be leaving the Department of Justice at the end of next week. Therefore, additional time is necessary for a new attorney to be assigned to handle this matter, and for that attorney to attempt to resolve the current dispute over the recent assertion of privilege, and formulate an appropriate response to the pending motion. Accordingly, we request that this Court allow us to file our response to the pending motion on September 13, 2006. Granting this enlargement of time should not cause any undue delay or prejudice.

For these reasons, we respectfully request that the Court enlarge by 30 days, from August 14, 2006 to and including September 13, 2006, the due-date for the Government to respond to Warren Distribution's pending motion in this matter.

Respectfully submitted,

PETER D. KEISLER.
Assistant Attorney General

DAVID M. COHEN
Director

s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ James D. Colt
JAMES D. COLT
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
1100 L. Street, NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 305-7562
Fax: (202) 305-7643

August 9, 2006

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of August, 2006, a copy of the foregoing DEFENDANT'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ James D. Colt