IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ALLIED OIL & SUPPLY, INC., Plaintiff, v. THE UNITED STATES, Defendant, and WARREN DISTRIBUTION, INC., Third-Party Defendant | ) | No. 03-2673C (Judge Damich) |

JOINT MOTION TO SUSPEND EXPERT DISCOVERY DEADLINES PENDING WARREN'S MOTION FOR PROTECTIVE ORDER AND TO EXCLUDE HERGUTH AS EXPERT WITNESS

COME NOW Plaintiff Allied Oil & Supply, Inc. ("Allied"), the Defendant the United States of America (the "Government'), and Third-Party Defendant Warren Distribution, Inc. ("Warren") (collectively "Parties"), pursuant to Rule 6.1 of the Rules of the Court of Federal Claims, who respectfully request that the Court suspend the expert discovery deadlines pending the Court's decision on Warren's Motion for Protective Order and To Exclude William Herguth as Expert Witness for the United States ("Warren's Motion") and related disputes surrounding assertions of attorney-client privilege and the attorney work product doctrine by Warren. This is the second request for the expansion of the expert discovery deadlines.

In support of this Motion, the Parties state as follows:

1. Pursuant to the Court's Scheduling Order entered March 1, 2006, the Court set out the following deadlines for expert discovery and for a settlement period:

Expert reports due: June 30, 2006

| | |
|---|---|
| Rebuttal expert reports due: | August 9, 2006 |
| Expert Discovery ends: | November 7, 2006 |
| Settlement period ends: | January 8, 2007 |

2. On June 5, 2006, the Court extended the above deadlines pursuant to a joint motion of the Parties, to the following deadlines:

| | |
|---|---|
| Expert Reports Due: | August 29, 2006 |
| Rebuttal expert reports due: | October 9, 2006 |
| Expert discovery ends: | January 8, 2007 |
| Settlement period ends: | March 9, 2007 |

3. On July 14, 2006, while the Parties were splitting oil samples related to this case for the purpose of providing each of the Parties' expert witnesses part of certain samples for testing, Warren discovered that the United States intended to designate William Herguth as its expert.

4. Warren believes Mr. Herguth should be precluded from serving as the Government's expert witness due to a conflict of interest.

5. On this same day, Warren Distribution noted the existence of tests that Mr. Herguth's laboratory had performed with regard to this matter in 2002 and 2003 through a consulting expert. Warren has asserted attorney-client privilege and the attorney work product doctrine with regard to test-related documents. This asserted privilege is the basis for Warren's pending motion. The Government disputes the assertion of such privilege and is conferring with Warren to resolve the matter. Should the parties be unable to resolve this matter, the Government intends to file a motion to compel production of the test-related documents.

6. On July 26, 2006, Warren filed a Motion for Protective Order and To Exclude William Herguth as Expert Witness for the United States ("Warren's Motion").

7. In order to meet the current expert report deadline of August 29, 2006, the Parties would need to have their experts begin testing immediately. The Parties believe that would not be prudent given the issues to be decided by the Court with regard to Warren's Motion and threshold privilege questions.

8. The parties believe it is necessary for the court to resolve the issues related to Warren's Motion and threshold privilege questions before testing begins which would use up oil samples which are in limited supply.

9. All parties are willing to refrain from having their expert witnesses begin testing if the expert discovery deadlines are suspended pending the resolution of Warren's Motion and threshold privilege questions.

WHEREFORE, the Parties jointly request that the Court suspend the expert discovery deadlines outlined by the Court's June 5, 2006 Order until the resolution of Warren's Motion and threshold privilege questions. Upon the resolution of these issues the Parties request that the Court set new expert discovery deadlines.

Respectfully submitted,

PETER D. KEISLER.
Assistant Attorney General

DAVID M. COHEN
Director

s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/Dennis J. Moynihan by Brian C. Buescher
DENNIS J. MOYNIHAN
KUTAK ROCK, LLP
1650 Farnam Street
Omaha, NE 68102-2186
Attorney for Third-Party Defendant

s/Brian D. Nolan by Susan L. Stryker
BRIAN D. NOLAN
NOLAN, OLSON, HANSEN & LAUGHTENBAUGH
1905 Harney St. Ste. 800
Omaha, NE 68102
Attorney for Plaintiff

s/ James D. Colt
JAMES D. COLT
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
1100 L. Street, NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 305-7562
Fax: (202) 305-7643
Attorneys for Defendant

August 10, 2006

CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August, a copy of the foregoing JOINT MOTION TO SUSPEND EXPERT DISCOVERY DEADLINES PENDING WARREN'S MOTION FOR PROTECTIVE ORDER AND TO EXCLUDE HERGUTH AS EXPERT WITNESSwas filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Dennis J. Moynihan by Brian C. Buescher