IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ALLIED OIL & SUPPLY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant,<br><br>and<br><br>WARREN DISTRIBUTION, INC.,<br><br>Third-Party Defendant | ) | No. 03-2673C<br><br>(Judge Damich) |

JOINT MOTION TO EXTEND PROPOSED EXPERT DISCOVERY SCHEDULE DEADLINE AND JOINT STATUS REPORT

COMES NOW Plaintiff Allied Oil and Supply, Inc., Third-Party Defendant Warren Distribution, Inc., and Defendant The United States of America (collectively the "Parties") pursuant to the Court's order on October 27, 2006, with the following Joint Motion to Extend the Deadline to Submit a Proposed Expert Discovery Schedule Deadline and Joint Status Report as to the progress of settlement in the above-captioned matter. The Parties inform the Court as follows:

1. On October 16, 2006, the Court ordered that the parties were to provide a joint proposed discovery schedule relating to expert discovery by October 20, 2006.

2. On October 20, 2006, the Court granted Warren's Unopposed Motion to extend the deadline for proposing an expert discovery schedule until October 27, 2006.

3. On October 26, 2006, the Parties filed a Joint Motion to Suspend Expert Discovery Pending Settlement Discussions.

4. On October 27, 2006, the Court granted the Parties' Motion to Suspend Expert Discovery Pending Settlement Discussions and ordered the Parties to file Joint Status Reports on December 1, 2006 and January 5, 2007 outlining the attempts made by the parties to reach settlement.

5. The October 27, 2006 Order further ordered the Parties to file a Joint Proposed Expert Discovery Schedule on or before January 15, 2007.

6. On December 1, 2006, the Parties filed a Joint Status Report noting the status of settlement discussions and outlining the communications that had taken place relating to settlement between October 27, 2006 and December 1, 2006.

7. Since the previous Joint Status Report filed on December 1, 2006, the Parties have had ongoing discussions regarding the settlement of this matter.

8. The settlement process has been complicated by the varying issues and interests that exist between Warren and Allied.

9. Counsel for Warren and Allied have been in communication with their respective clients and with each other during the month of December in an effort to reach a position that would allow Warren and Allied to talk meaningfully with the Government about settlement.

10. Pursuant to these communications, the Parties continue to believe, at this time, that time and effort would be better spent on continuing to try and resolve this matter through settlement rather than litigating the case; but, that the best process, at this time, through which to facilitate settlement discussions may be through a mediation process.

11. The discussion of using a mediation process developed just before Christmas, during the week of December 18th. Therefore, the parties need additional time to work out the details associated with the mediation process, including, the choosing of a mediator, payment of

the cost of the mediation, location for the mediation and how the mediation would be structured; and, counsel for the Government needs time to seek approval within the Department of Justice for the mediation process.

12. The parties would like to continue with efforts at trying to resolve this matter through settlement, as opposed to litigation, and would like the opportunity to try and work out the details for a mediation process and submit another status report to the Court on or before January 31st. The intent of this next status report would be to set-forth the date and place for a mediation, assuming the mediation process receives appropriate approval within the Department of Justice, so that the Court will be informed of a date certain when the mediation will take place. The parties will try to establish a mediation date in February.

13. The parties expect that the mediation would be a one day process, and the case would either settle on that day or the parties will determine that they must move forward with the litigation. Even if the matter does not settle with the mediation, the mediation may help to narrow the issues that are part of this matter.

14. To allow time for the Parties to try and work out the details for a mediation process, to obtain approval for the mediation, and to have the mediation, the Parties would like to extend the time by which to submit a proposed expert discovery schedule until March 15, 2007.

WHEREFORE, the Parties respectfully request that the Court extend the time for which the Parties must submit a proposed expert discovery schedule until no later than March 15, 2007, while the parties continue to discuss settling this case. The Parties further request that the Court allow the Parties to submit a Joint Status Report updating the Court on settlement and the mediation process no later than January 31, 2007.

Respectfully submitted,

PETER D. KEISLER.
Assistant Attorney General

DAVID M. COHEN
Director

s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ Michael Dierberg
MICHAEL DIERBERG
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
1100 L. Street, NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 305-7562
Fax: (202) 305-7643
Attorneys for Defendant

s/Dennis J. Moynihan by Brian C. Buescher
DENNIS J. MOYNIHAN
KUTAK ROCK, LLP
1650 Farnam Street
Omaha, NE 68102-2186
Attorney for Third-Party Defendant

s/Brian D. Nolan by Susan L. Stryker
BRIAN D. NOLAN
NOLAN, OLSON, HANSEN & LAUGHTENBAUGH
1905 Harney St. Ste. 800
Omaha, NE 68102
Attorney for Plaintiff

January 5, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of January, 2007, a copy of the foregoing JOINT MOTION and JOINT STATUS REPORT was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Dennis J. Moynihan by Brian C. Buescher